# TIFFANY & BOSCO
### P.A.

**2525 EAST CAMELBACK ROAD**
**THIRD FLOOR**
**PHOENIX, ARIZONA 85016**
**TELEPHONE: (602) 255-6000**
**FACSIMILE: (602) 255-0192**

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

08-68235/9000504584

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:<br><br>Armando G. Coronel and Norma Alicia Coronel<br>Debtors.<br><br>Everhome Mortgage Company<br><br>Movant,<br>vs.<br><br>Armando G. Coronel and Norma Alicia Coronel, Debtors; Russell A. Brown, Trustee.<br><br>Respondents. | No. 2:08-bk-04753-CGC<br><br>Chapter 13<br><br>MOVANT'S MOTION TO LIFT<br>THE AUTOMATIC BANKRUPTCY STAY<br><br>RE: Real Property Located at<br>1665 S. 225th Ln.<br>Buckeye, AZ 85326 |

Movant hereby requests an order granting relief from the automatic stay of 11 U.S.C. 362(a), and to permit Movant to foreclose the lien of its Deed of Trust on real property owned by Debtors, by trustee's sale, judicial foreclosure proceedings or the exercise of the power of sale, and to obtain possession and control of the real property.

This motion is supported by the attached Memorandum of Points and Authorities, which is

…

incorporated herein by this reference.

DATED this 24th day of December, 2008.

Respectfully submitted,

TIFFANY & BOSCO, P.A.


BY  /s/ MSB # 010167
    Mark S. Bosco
    Leonard J. McDonald
    Attorney for Movant

## **MEMORANDUM OF POINTS AND AUTHORITIES**

1. Armando G. Coronel and Norma Alicia Coronel filed a voluntary petition for protection under Chapter 13 of the Bankruptcy Code. Russell A. Brown was appointed Trustee of the bankruptcy estate.

2. Debtors have an interest in certain real property located in Maricopa County, Arizona, more particularly described as:

> Lot 172, of SUNDANCE PARCEL 40, according to the plat of record in the office of the County Recorder of Maricopa County, Arizona, recorded in Book 625 of Maps, Page 46 and Affidavit of Correction recorded in Document No. 2003.1714396, of Official Records; Affidavit of Change recorded in Document No. 2004.0080352, of Official Records and Affidavit of Corrections recorded in Document No. 2004-0632269 and as 2005-0808911, both of Official Records.

3. Debtors executed a Note secured by a Deed of Trust, dated August 3, 2007, recorded in the office of the Maricopa County Recorder's Office. A true copy of the Deed of Trust is annexed as Exhibit "A", respectively, and made a part hereof by this reference. Movant is the Assignee of the Deed of Trust.

4. By virtue of the Note and Deed of Trust, Movant has a secured interest in the property described herein and a secured claim against Debtors. Movant may seek leave of Court to specify any further encumbrances against the Property at the time of the Preliminary and/ or Final Hearing hereon.

5.  Debtors are in default on their obligation to Movant for which the property is security, and payments are due under the Promissory Note from and after September 1, 2008 as follows:

| | |
|---|---|
| 4 Monthly Payments at $1,557.10 | $ 6,228.40 |
| (September 1, 2008-December 1, 2008) | |
| 4 Late Charges at $66.23 each | $ 264.92 |
| (September 1, 2008-December 1, 2008) | |
| Bankruptcy Attorney Fees & Costs | $ 900.00 |
| Total Amount of Post Petition Default | $7,393.32 |

Furthermore, a payment becomes due on January 1, 2009 and on the 1st day of every month thereafter, and a late charge becomes due on any payment not paid within fifteen (15) days from the date the monthly payment is due.

6.  Debtor s are indebted to Everhome Mortgage Company for the principal balance in the amount of $177,058.85, plus accruing interest, costs, and attorneys fees.

7.  Further, Movant seeks relief for the purpose of foreclosing its mortgage against the Debtor's interest in the real property located at 1665 S. 225th Ln., Buckeye, AZ.  The Movant further seeks relief in order to contact the Debtor by telephone or written correspondence regarding a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and may enter into such agreement with Debtors. However, Movant may not enforce, or threaten to enforce, any personal liability against Debtors if Debtors' personal liability is discharged in this bankruptcy case.

8.  Pursuant to the Note and Deed of Trust Movant is allowed to request this court to grant reasonable attorney's fees and costs and allowing payment of Movant's attorney's fees and costs pursuant to 11 U.S.C. Section 506(b) which state as follows:

> To the extent that an allowed secured claim is secured by property value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim and any reasonable fees/costs, or charges provided for under the agreement which such claim arose.

## **CONCLUSION**

Movant requests that the court enter an order vacating the automatic stay of 11 U.S.C. Section 362(a) and Movant may immediately enforce and implement the order for relief from the automatic stay as to the debtors their bankruptcy estate, the property, and Movant; to allow Movant to foreclose the lien of its Deed of Trust or Mortgage; to evict debtors and/or successors of debtors and to obtain ownership, possession and control of the Property.

DATED this 24th day of December, 2008.

BY  /s/ MSB # 010167
Mark S. Bosco
Leonard J. McDonald
2525 East Camelback Road
Ste. 300
Phoenix, Arizona 85016
Attorneys for Movant