**SO ORDERED.**



# TIFFANY & BOSCO
### P.A.

**Dated: June 15, 2009**

2525 E. CAMELBACK ROAD
SUITE 300
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0192

_____
**CHARLES G. CASE, II**
**U.S. Bankruptcy Judge**
_____

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

08-68235/9000504584

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

IN RE:

Armando G.  Coronel and
Norma Alicia Coronel
       Debtors.
_____

Everhome Mortgage Company

       Movant,
   vs.

Armando G.  Coronel and Norma Alicia Coronel,
Debtors; Russell A. Brown, Trustee.

       Respondents.
_____

No. 2:08-bk-04753-CGC

Chapter 13

(Related to Docket # 31)

**ORDER APPROVING
STIPULATION REGARDING
MOTION FOR RELIEF**

RE:  Real Property Located at
1665 South 225th Lane
Buckeye, Arizona  85326

     IT IS HEREBY ORDERED by and between the parties herein, through counsel undersigned,

that all stays and injunctions, including the automatic stays under U.S. Bankruptcy Code Section 362(a),

are hereby vacated with respect to the real property which is the subject of the Deed of Trust recorded,

in the records of the Maricopa County, Arizona Recorder's Office, wherein Armando G.  Coronel and

Norma Alicia Coronel, are designated as trustors and Everhome Mortgage Company is the current

beneficiary, which Deed of Trust encumbers the following described real property:

> Lot 172, of SUNDANCE PARCEL 40, according to the plat of record in the office of the County Recorder of Maricopa County, Arizona, recorded in Book 625 of Maps, Page 46 and Affidavit of Correction recorded in Document No. 2003.1714396, of Official Records; Affidavit of Change recorded in Document No. 2004.0080352, of Official Records and Affidavit of Corrections recorded in Document No. 2004-0632269 and as 2005-0808911, both of Official Records.

IT IS FURTHER ORDERED that the debtors will cure the post-petition arrearages currently due

as follows:

| | |
|---|---|
| **7** - Monthly Payments at $1,557.10 each<br>(November 1, 2008 – May 1, 2009) | $10,899.70 |
| 7 - Late Charges at $66.23 each<br>(November 15, 2008 - May 15, 2009) | $    436.61 |
| Bankruptcy Attorney Fees & Costs | $   900.00 |
| Less Debtor's Suspense | <$1,551.10> |
| Total Amount of Post Petition Default | <u>$10,685.21</u> |

1.      The total arrearages above in the amount of $10,685.21 shall be paid in six (6) monthly

installments of $1,780.86.  These payments shall be in addition to the regular monthly payment and shall

be due on or before the 15th day of the month commencing with the June 15, 2009 payment and

continuing throughout and concluding on or before November 15, 2009.

2.      In addition to the payment listed in Paragraph 1, the Debtor will make the regular post-

petition payment due for June 1, 2009 (Coming Due), which shall be made when due, and all subsequent

payments shall be made when due.

IT IS FURTHER ORDERED that Everhome Mortgage Company as the current beneficiary

under the above described Deed of Trust, agrees not to conduct a Trustee's Sale or judicial "foreclosure"

on its Deed of Trust, so long as the terms of this Order are complied with.  In the event of default in

making any payments described herein Secured Creditor is permitted, in its discretion, to conduct a Trustee's Sale, judicial foreclosure, or take whatever other actions necessary to protect their interest in the above legally described property upon giving written notice of such default to Debtors, Debtors' Counsel and Trustee and Debtors' failure to cure such default within fifteen (15) days of the date of such notice. In the event said default is not cured within said fifteen (15) day period, all arrearages, both pre-petition and post-petition shall become immediately due and payable in full and pre-petition arrearages shall not continue to be payable under the terms of the Plan.

IT IS FURTHER ORDERED that if a default notice becomes necessary, Debtors will be charged $150.00 for fees and costs associated with handling the curing of the default, to be paid together with the defaulted payment and late charge. Debtors shall tender the default payment, late charge and the additional $150.00 fee for attorney's fees and costs, as set forth above, in the form of a <u>cashier's check or money order</u>, made payable to Movant. If the defaulted payments are not received by Movant, together with the late charge and the $150.00 default fee, within fifteen days after the default notice was sent, all arrearages, both pre-petition and post-petition shall become immediately due and payable in full and pre-petition arrearages shall not continue to be payable under the terms of the plan.

IT IS FURTHER ORDERED that if Debtor' Bankruptcy Case No. 2:08-bk-04753-CGC is dismissed, either voluntary or involuntary, for any reason, this Order will become null and void and Everhome Mortgage Company, and after such dismissal, may, in its discretion, conduct a Trustee's Sale or judicial "foreclosure" on its Deed of Trust or take whatever other actions necessary to protect their interest in the above legally described property.

IT IS FURTHER ORDERED that in the event of conversion by the Debtor to any other bankruptcy chapter, the repayment portion of this Order shall become null and void, except that the

portion of this Order vacating the automatic stay under U.S. Bankruptcy Code Section 362 (a) shall remain in full force and effect.

IT IS FURTHER ORDERED that any hearings scheduled in the matter are vacated.

DATED this _____ day of _____ 2009.


_____
United States Bankruptcy Court Judge