**SO ORDERED.**



# TIFFANY & BOSCO
### P.A.

**2525 EAST CAMELBACK ROAD SUITE 300**
**PHOENIX, ARIZONA 85016**
**TELEPHONE: (602) 255-6000**
**FACSIMILE: (602) 255-0192**

**Dated: April 16, 2010**

_____
**CHARLES G. CASE, II**
**U.S. Bankruptcy Judge**

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

10-06827

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: | No. 2:08-bk-04753-CGC |
| Armando G. Coronel and Norma Alicia Coronel<br>Debtors. | Chapter 13 |
| Everhome Mortgage Company | EXPARTE ORDER TERMINATING THE AUTOMATIC STAY FOR FAILURE TO CURE PURSUANT TO THE TERMS OF THE ADEQUATE PROTECTION ORDER |
| Movant, | |
| vs. | |
| Armando G. Coronel and Norma Alicia Coronel, Debtors; Russell A. Brown, Trustee. | |
| Respondents. | |

Pursuant to the Order entered on June 15, 2009, attached hereto as Exhibit "A", and by this reference incorporated herein, the above-referenced Debtors; were obligated to make specified payments which they have failed to make.

The Debtors have failed to comply thereby necessitating a written Notice of Default.

Attached hereto as Exhibit "B" is a copy of the Notice of Default.

Based on the failure to cure the contractual agreement of the parties, the prior court order and good cause appearing:

IT IS HEREBY ORDERED that the Automatic Stay is the above-entitle Bankruptcy case is immediately extinguished for all purposes as to Secured Creditor, Everhome Mortgage Company and Everhome Mortgage Company may exercise whatever state law or contractual rights it may have regarding the property generallydescribed as: 1665 S 225th Ln Buckeye AZ 85326 ("Property" herein) and legally described as:

Lot 172, of SUNDANCE PARCEL 40, according to the plat of record in the office of the County Recorder of Maricopa County, Arizona, recorded in Book 625 of Maps, Page 46 and Affidavit of Correction recorded in Document No. 2003.1714396, of Official Records; Affidavit of Change recorded in Document No. 2004.0080352, of Official Records and Affidavit of Corrections recorded in Document No. 2004-0632269 and as 2005-0808911, both of Official Records.

IT IS FURTHER ORDERED that all conditions of the adequate protection order regarding conversions are binding and are hereby affirmed in this Order as well.

UNITED STATES BANKRUPTCY JUDGE

"Exhibit A"

**SO ORDERED.**

**Dated: June 15, 2009**



_____
**CHARLES G. CASE, II**
**U.S. Bankruptcy Judge**

**TIFFANY & BOSCO**
P.A.
2525 E. CAMELBACK ROAD
SUITE 300
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0192

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

08-68235/9000504584

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE:<br><br>Armando G. Coronel and<br>Norma Alicia Coronel<br>      Debtors.<br>_____<br>Everhome Mortgage Company<br><br>      Movant,<br>  vs.<br>Armando G. Coronel and Norma Alicia Coronel,<br>Debtors; Russell A. Brown, Trustee.<br><br>      Respondents. | No. 2:08-bk-04753-CGC<br><br>Chapter 13<br><br>(Related to Docket # 31)<br><br>**ORDER APPROVING**<br>**STIPULATION REGARDING**<br>**MOTION FOR RELIEF**<br><br>RE: Real Property Located at<br>1665 South 225th Lane<br>Buckeye, Arizona 85326 |

      IT IS HEREBY ORDERED by and between the parties herein, through counsel undersigned,

that all stays and injunctions, including the automatic stays under U.S. Bankruptcy Code Section 362(a),

are hereby vacated with respect to the real property which is the subject of the Deed of Trust recorded,

in the records of the Maricopa County, Arizona Recorder's Office, wherein Armando G. Coronel and

Norma Alicia Coronel, are designated as trustors and Everhome Mortgage Company is the current beneficiary, which Deed of Trust encumbers the following described real property:

> Lot 172, of SUNDANCE PARCEL 40, according to the plat of record in the office of the County Recorder of Maricopa County, Arizona, recorded in Book 625 of Maps, Page 46 and Affidavit of Correction recorded in Document No. 2003.1714396, of Official Records; Affidavit of Change recorded in Document No. 2004.0080352, of Official Records and Affidavit of Corrections recorded in Document No. 2004-0632269 and as 2005-0808911, both of Official Records.

IT IS FURTHER ORDERED that the debtors will cure the post-petition arrearages currently due as follows:

| | |
|---|---|
| **7** - Monthly Payments at $1,557.10 each (November 1, 2008 – May 1, 2009) | $10,899.70 |
| 7 - Late Charges at $66.23 each (November 15, 2008 - May 15, 2009) | $ 436.61 |
| Bankruptcy Attorney Fees & Costs | $ 900.00 |
| Less Debtor's Suspense | <$1,551.10> |
| Total Amount of Post Petition Default | $10,685.21 |

1. The total arrearages above in the amount of $10,685.21 shall be paid in six (6) monthly installments of $1,780.86. These payments shall be in addition to the regular monthly payment and shall be due on or before the 15th day of the month commencing with the June 15, 2009 payment and continuing throughout and concluding on or before November 15, 2009.

2. In addition to the payment listed in Paragraph 1, the Debtor will make the regular post-petition payment due for June 1, 2009 (Coming Due), which shall be made when due, and all subsequent payments shall be made when due.

IT IS FURTHER ORDERED that Everhome Mortgage Company as the current beneficiary under the above described Deed of Trust, agrees not to conduct a Trustee's Sale or judicial "foreclosure" on its Deed of Trust, so long as the terms of this Order are complied with. In the event of default in

making any payments described herein Secured Creditor is permitted, in its discretion, to conduct a Trustee's Sale, judicial foreclosure, or take whatever other actions necessary to protect their interest in the above legally described property upon giving written notice of such default to Debtors, Debtors' Counsel and Trustee and Debtors' failure to cure such default within fifteen (15) days of the date of such notice.  In the event said default is not cured within said fifteen (15) day period, all arrearages, both pre-petition and post-petition shall become immediately due and payable in full and pre-petition arrearages shall not continue to be payable under the terms of the Plan.

IT IS FURTHER ORDERED that if a default notice becomes necessary, Debtors will be charged $150.00 for fees and costs associated with handling the curing of the default, to be paid together with the defaulted payment and late charge.  Debtors shall tender the default payment, late charge and the additional $150.00 fee for attorney's fees and costs, as set forth above, in the form of a <u>cashier's check or money order</u>, made payable to Movant.  If the defaulted payments are not received by Movant, together with the late charge and the $150.00 default fee, within fifteen days after the default notice was sent, all arrearages, both pre-petition and post-petition shall become immediately due and payable in full and pre-petition arrearages shall not continue to be payable under the terms of the plan.

IT IS FURTHER ORDERED that if Debtor' Bankruptcy Case No. 2:08-bk-04753-CGC is dismissed, either voluntary or involuntary, for any reason, this Order will become null and void and Everhome Mortgage Company, and after such dismissal, may, in its discretion, conduct a Trustee's Sale or judicial "foreclosure" on its Deed of Trust or take whatever other actions necessary to protect their interest in the above legally described property.

IT IS FURTHER ORDERED that in the event of conversion by the Debtor to any other bankruptcy chapter, the repayment portion of this Order shall become null and void, except that the

portion of this Order vacating the automatic stay under U.S. Bankruptcy Code Section 362 (a) shall remain in full force and effect.

IT IS FURTHER ORDERED that any hearings scheduled in the matter are vacated.

DATED this _____ day of _____ 2009.

                                                       _____
                                                         United States Bankruptcy Court Judge

# TIFFANY & BOSCO
### P.A.

**2525 EAST CAMELBACK ROAD**
**SUITE 300**
**PHOENIX, ARIZONA 85016**
**TELEPHONE: (602) 255-6000**
**FACSIMILE: (602) 255-0192**

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

10-06827

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE:<br><br>Armando G. Coronel and Norma Alicia Coronel<br>　　　　　Debtors.<br>―――――――――――――――――――――<br>Everhome Mortgage Company<br><br>　　　　　Movant,<br>　vs.<br><br>Armando G. Coronel and Norma Alicia Coronel, Debtors; Russell A. Brown, Trustee.<br><br>　　　　　Respondents. | No. 2:08-bk-04753-CGC<br><br>Chapter 13<br><br>NOTICE OF DEFAULT<br><br><br>RE:　Real Property Located at<br>1665 S 225th Ln<br>Buckeye, AZ 85326 |

　　　Everhome Mortgage Company secured creditor, (hereinafter referred to as "Secured Creditor"), by its attorneys TIFFANY & BOSCO, P.A., hereby files this Notice of Default in the above-captioned case, and avers as follows:

　　　1.　　An Order was entered on which provides for the lifting of the stay imposed by Section 362(a) of the U.S. Bankruptcy Code with respect to that certain Deed of Trust recorded in the records of the Maricopa County, Arizona Recorder's Office, which encumbers the following real property:

Lot 172, of SUNDANCE PARCEL 40, according to the plat of record in the office of the County Recorder of Maricopa County, Arizona, recorded in Book 625 of Maps, Page 46 and Affidavit of Correction recorded in Document No. 2003.1714396, of Official Records; Affidavit of Change recorded in Document No. 2004.0080352, of Official Records and Affidavit of Corrections recorded in Document No. 2004-0632269 and as 2005-0808911, both of Official Records.

A Copy of said Order is attached hereto as Exhibit "A".

2. As of the date of this Notice of Default, the Debtors have not made the payments as required by the aforementioned Order. The Debtors are presently past due as follows:

| | |
|---|---:|
| 9 Monthly Payments(s) at $1,557.10 | $14,013.90 |
| (July 1, 2009 - March 1, 2010) | |
| 9 Late Charge(s) at $66.23 | $596.07 |
| (July 1, 2009 - March 1, 2010) | |
| 6 Adequate Protection Charge(s) at $1,780.86 | $10,685.16 |
| (June 15, 2009 - November 15, 2009) | |
| Attorney Fees | $150.00 |
| Total | $25,445.13 |

**PARTIAL TENDERS WILL NOT BE ACCEPTED**

4. Notice is hereby given to the Bankruptcy Court, Debtors, counsel for Debtors, and Trustee, that unless debtor' default under the terms of the Stipulation and Order is cured not later than fifteen (15) days from date of this Notice, that Movant will proceed, pursuant to the Court's Order lifting the stay, to conduct a Trustee's Sale or mortgage foreclosure, in its discretion, with respect to the above-described Deed of Trust.

DATED this 22nd day of March, 2010.

                                          TIFFANY & BOSCO, P.A.

                                          By  /s/ MSB # 010167
                                                Mark S. Bosco
                                                Leonard J. McDonald
                                                2525 East Camelback Road
                                                Suite 300
                                                Phoenix, Arizona 850165
                                                Attorneys for Movant

*If the Debtor cures the default prior to the date of expiration this amount may be different.